**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.: _____

ROY A. DAY, on behalf of himself and
as class action on behalf of others similarly
situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
DONALD J. TRUMP, WILLIAM P. BARR,
ELLEN A. GORMAN, 21ST CENTURY
CENTENNIAL INSURANCE COMPANY,
KATHRYN K. MIZELL, AND JAMES M.
SHAW, JR.,

    Defendants.
_____/

**DEFENDANT GEICO GENERAL**
**INSURANCE COMPANY'S NOTICE OF REMOVAL**

    Defendant, GEICO General Insurance Company ("GEICO"), removes this case from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

**I.**    **BACKGROUND**

    1.    Defendant GEICO is the latest party to be implicated in Plaintiff's well-documented history of vexatious and frivolous litigation, spanning several decades and many jurisdictions throughout the United States. *See generally*, *In re Roy Day Litig.*, 976 F. Supp. 1455 (M.D. Fla. 1995) (Merryday, J.); *see also Day v. State*, 903 So.2d 886 (Fla. 2005). Plaintiff was purportedly involved in an alleged motor vehicle accident with an alleged GEICO Insured, Lorna Grey, in

Pasco County on April 29, 2016. *See* Eight Amended Complaint ("Complaint"), Page 25. However, Plaintiff himself was *never a GEICO insured. See generally*, Complaint.

2.      GEICO's Co-Defendants in this matter, and more specifically 21ˢᵗ Century Centennial Insurance Company ("21ˢᵗ Century"), have been embroiled in frivolous litigation across several jurisdictions for an even longer time with Plaintiff and dating back to a June 23, 2012 motor vehicle accident in Pasco County. *See* Compl., p. 29, at "e." The alleged motor vehicle accident involving GEICO and the motor vehicle accident involving 21ˢᵗ Century are not related in any way, other than Mr. Day's alleged involvement in both accidents.

3.      Plaintiff has alleged that GEICO, acting in concert with 21ˢᵗ Century, federal and state judges, and now former counsel for 21ˢᵗ Century, has created a "two-tier system of justice" with the "overlay to 'tear-up' the Constitution of the State of Florida[]" since the alleged 2016 motor vehicle accident involving a GEICO insured purportedly occurred. Compl. at ¶ 14. This conspiracy moreover allegedly somehow involves former President Donald Trump and Former Attorney General William Barr. *See generally*, Compl.

4.      However, Plaintiff fails to recognize that this "conspiracy" against him pre-dates both the 2012 and 2016 motor vehicle accidents, and that his difficulty in accessing the court system is instead centered around his own history of frivolous litigation and subsequent failure to pay court-ordered sanctions awarded against him. *See generally*, *In re Roy Day Litigation,* 976 F.Supp. 1460 (M.D.Fla. December 21, 1995*)*; *see also Day v. Geico General Insurance Company*, 2022 WL 2277505, at *1 (M.D. Fla., February 21, 2022) ("As a result of Day's repeated abuse of the judicial system, this Court entered a standing order providing that "[n]o future action brought by Day will be initially received for filing by the Court's Clerk").

5. Plaintiff first filed a lawsuit involving GEICO in the United States District Court for the District of Maine, based on the same underlying facts alleged in the instant Complaint. *See Day v. Grey, Grey, GEICO, and 21st Century*, Case No. 16-cv-00275-JAW, (D. ME. June 3, 2016) (the "Maine Action"). A copy of the Complaint filed in the Maine Action, without the accompanying exhibits, is attached as **Exhibit "3."** On July 28, 2017, an Order was entered affirming the Magistrate's dismissal of the Maine Action, noting that Plaintiff had failed to comply with numerous basic court orders, impugned the integrity of the court, and filed a concurrent state court action in Maine based on the same underlying facts. *See* Maine Action, Dkt. 27.

6. After Plaintiff's claims were repeatedly rejected throughout Maine state and federal courts (Compl. at ¶ 6), he decided to once again try his luck in Florida state court, despite a long-standing history of vexatious litigation there as well. *See generally*, *Day v. State*, 903 So.2d 886.

7. On July 28, 2020, Plaintiff filed Hillsborough County Case No. 20-CA-005982 ("The 2020 Hillsborough Action,"), based on these same underlying facts and events, but named only GEICO General Insurance Company, 21st Century Centennial Insurance Company ("21st Century"), President Donald J. Trump, and U.S. Attorney General William P. Barr as Defendants at that time. *See Roy A. Day, on behalf of himself and as class action on behalf of others similarly situated v. GEICO General Ins. Co., 21st Century Centennial Ins. Co., President Donald J. Trump, U.S. Attorney General William P. Barr*, Case No. 2020-CA-005982. Plaintiff filed several amended complaints in that action prior to formally serving the only defendant ever served in that action, 21st Century Centennial Insurance Company.

8. 21st Century removed the 2020 Hillsborough Action to the United States District Court for the Middle District of Florida on January 6, 2022, where Case No. 22-cv-0058 was created, and the case was assigned to Judge Kathryn Mizelle ("the Florida Federal Action"). On

February 21, 2022, Judge Mizelle entered an Order denying Plaintiff's Motion to Remand the Federal Action back to Hillsborough County, and granted 21st Century's Motion to Dismiss the Federal Action without prejudice in light of Plaintiff's history as a vexatious litigant and failure to pay prior sanctions awarded against him in the Middle District of Florida. *See Day v. Geico General Insurance Company*, 2022 WL 2277505.[1]

9.  On June 13, 2022, 21st Century filed a Notice of Settlement in the Florida Federal Action, noting that Plaintiff had completed a release agreement in connection with the settlement of his claims.[2] On August 22, 2022, Judge Mizelle entered an Order in the Florida Federal Action dismissing all defendants, despite Plaintiff having filed an additional Amended Complaint that once again named the multiple defendants, including GEICO, that had already been dismissed from the case. *See* Florida Federal Action, Dkt. No. 50.

10. It appears that after a settlement was reached and a release was executed with 21st Century, Plaintiff filed an "Eighth Amended Complaint" in this underlying Hillsborough County Action[3], this time against all of the above-captioned Defendants (including Judge Mizelle and other parties associated with the Florida Federal Action) on June 6, 2022. Defendant GEICO was

---

[1] This Order further instructed Plaintiff to show cause, by March 4, 2022, as to why GEICO should not be dismissed from the Federal Action for Plaintiff's failure to serve GEICO within 90 days in accordance with Fed. R. Civ. P. 4(m). Florida Federal Action, Dkt. 18. Instead, Plaintiff chose to file another Proposed Amended Complaint, naming the same defendants, in the Florida Federal Action on March 4, 2022, and without any explanation as to why GEICO had not been served to date. *See* Florida Federal Action, Dkt. No. 21. GEICO was then dismissed from the Florida Federal Action on April 8, 2022. *See* Florida Federal Action, Dkt. No. 39.

[2] Interestingly, Plaintiff's instant Complaint, filed on June 6, 2022, cryptically notes that "[t]he 'filing date' of the instant Amended Complaint is 'controlling' for any 'Release' filed by Plaintiff to compromise and settle."

[3] On March 11, 2022, Plaintiff filed a "Fifth Amended Complaint" that did not name Judge Mizelle or James M. Shaw as Defendants in the action. The deadline for service of the complaint pursuant to the Differentiated Case Management Order, generated in response to the Fifth Amended Complaint, was July 11, 2022. No service was completed on any defendant prior to this date.

served with process for the Eighth Amended Complaint on August 4, 2022, and no other Defendants have been served to date. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon GEICO are attached and included within Composite **Exhibit "1."**[4] A separate copy of the Eighth Amended Complaint is also attached as **Exhibit "2."**

## II.     GROUNDS FOR REMOVAL

11.     This case is removable pursuant to 28 U.S.C. § 1332(a).[5]

### A.     Removal is Timely

12.     GEICO was served with the Eighth Amended Complaint in this action on August 4, 2022. This Notice of Removal is therefore timely filed within thirty days after GEICO General was formally served with the Complaint. *See* 28 U.S.C. § 1446(b); *Edwards v. Apple Computer, Inc.,* 645 Fed Appx. 849, 2016 WL 888596 (11th Cir. Mar. 9, 2016) ("A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint 'unattended by any formal service'").

### B.     This Court has Original Jurisdiction

13.     This action is within the original jurisdiction of this Court because "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Removal is therefore proper under 28 U.S.C. § 1441.[6]

---

[4] The unredacted exhibits Plaintiff improperly filed in the State Court Action have been redacted in compliance with applicable rules and law.

[5] GEICO alternatively removes this case to this Court under 28 U.S.C. § 1331. Plaintiff refers to and purportedly seeks to assert that GEICO has violated his "Fourteenth Amendment rights of due process and equal protection of the law[.]" *See* Complaint, p. 27. Plaintiff therefore asserts federal constitutional claims. Accordingly, GEICO relies on 28 U.S.C. § 1331 as an alternative basis for federal jurisdiction over the issues and claims purportedly asserted in the Complaint. Further, the Court has supplemental jurisdiction over Plaintiff's remaining state law claims asserted in the Complaint pursuant to 28 U.S.C. § 1367.

[6] Although Plaintiff apparently attempts to state claims resembling somewhat of class action allegations, it is unclear what claims, if any, these allegations relate to. Moreover, as a *pro se*

*Diversity of Citizenship Exists*

14. Diversity of citizenship exists between the parties. For the purposes of 28 U.S.C. § 1332(a), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – or the corporation's "'nerve center.'" *See Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010).

15. Plaintiff is and was, at all pertinent times, a resident of Pinellas County, Florida and is a citizen of Florida. *See* Compl., ¶ 1.

16. GEICO General is and was at the time of filing of the State Court Action, a corporation organized under Nebraska law, with its principal place of business in Maryland. *Hertz Corp.*, 130 S.Ct. at 1192. GEICO General is therefore a citizen of Nebraska and Maryland. 28 U.S.C. § 1332(c)(1).[7]

17. No additional Defendants have been served in this matter, and the co-Defendants are therefore not required to consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2).

18. While former President Donald Trump is a resident and citizen of Florida and Former Attorney General William P. Barr is a citizen of the Commonwealth of Virginia, neither has been formally served in this action. Their citizenship should otherwise be disregarded anyway as they were fraudulently joined in this action, based on Plaintiff's own allegations in the Complaint that Trump and Barr were joined solely to defeat diversity jurisdiction and so that "the

---

litigant, Plaintiff may not pursue a class action on behalf of others in a representative capacity. *See Ferentinos v. Kissimmee Utility Authority*, 2014 WL 2993571, at *12 (M.D. Fla., July 2, 2014) (holding that a *pro se* litigant may not prosecute a class action) (citing F.R.C.P. 23).

[7] Any references in Plaintiff's Complaint to GEICO's principal place of business being located in Florida or Washington D.C. are inaccurate. *See* Compl., ¶ 2.

6

issues would be entertained and reached." *See* Compl., ¶ 15; *see also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997).[8]

19.     Defendant Ellen Gorman, former Main Supreme Judicial Court justice, is a citizen of Maine and has not formally been served in this action. Judge Gorman presided over several of Plaintiff's prior litigation efforts, and would be afforded judicial immunity in relation to the claims raised by the Complaint, under both Florida or Federal law. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. Ct. App. 2005) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction'") (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *see also* Compl. at ¶ 20.

20.     Defendant Kathryn Mizelle, current judge for the United States District Court for Middle District of Florida, and current citizen of Florida, has not formally been served in this action. Regardless, Judge Mizelle was fraudulently joined in this action based on the face of the Complaint. Plaintiff alleges, only after impugning Judge Mizelle, that she was named as a defendant to "provide 'indisputable testimony' as a witness pertaining to the FBI Criminal Report." Compl. at ¶ 7. Moreover, Judge Mizelle is entitled to absolute judicial immunity for the

---

[8] Based on the contents of the Complaint alone, GEICO asserts that Plaintiff would be unable to establish a cause of action against the resident defendant and that Plaintiff fraudulent pled jurisdictional facts to bring the resident defendant into state court. *See also Day v. Geico General Insurance Company*, 2022 WL 2277505 (finding that Defendants Trump and Barr had been fraudulently joined in the Florida Federal Action).

actions she took while presiding over Plaintiff's former litigation efforts, under both Florida and Federal law, and there is therefore no possibility that Plaintiff can state a claim against her. *See Sibley*, 437 F.3d 1067, 1072 ("Florida courts have adopted a doctrine of absolute judicial immunity and have equated it to the federal doctrine…"); *see also Pacheco de* Perez, 139 F.3d 1368, 1380.

21. Defendant James Shaw, counsel for 21st Century in the Florida Federal Action, and current citizen of Florida, was similarly fraudulently joined in this action and has not been formally served with process to date. Any claims asserted against Mr. Shaw on the face of the Complaint arise solely as a result of Mr. Shaw's lawful representation of a client and actions taken during the course of a judicial proceeding, the Florida Federal Action. *See* Compl., ¶ 8. As such, Plaintiff is therefore unable to state a claim against Mr. Shaw in light of Florida's litigation privilege. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Insurance Co.*, 639 So.2d 606, 608 (Fla.1994) ("absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding").

### *The Amount in Controversy Requirement is Satisfied*

22. A district court has original jurisdiction of an action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1).

23. In an attempt to avoid removal of this action, Plaintiff alleges that the amount in controversy does not exceed $75,000. *See, e.g.*, Compl. at ¶ 10, 15. However, the Complaint also admits that Plaintiff originally filed suit based on these same facts in the United States District Court for the District of Maine. Compl. at ¶ 20(b).

24. In his Complaint for the Maine Action, Plaintiff specifically alleged damages "in the SUM CERTAIN of Five Hundred Thousand Dollars ($500,000.00)" (emphasis in original).

*See* Exhibit 3, at ¶ 14. He further alleged separate damages associated with "great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping, and his social life [being] destroyed" in the amount of Five Hundred Thousand Dollars ($500,000.00). *Id*. at ¶ 15. Finally, Plaintiff requested "substantial exemplary damages" in the amount of Five Million Dollars ($5,000.000.00) in the Maine Action. Id. at ¶ 16.[9]

25.     Plaintiff has made similar representations regarding the amount in controversy in various complaints that he has filed throughout Florida jurisdictions based on the same facts alleged in the instant Complaint. *See*, *e.g.*, Original Complaint (Dkt. 3), 2020 Hillsborough Action (alleging damages against GEICO including general damages of $70,000, emotional damages of an additional $70,000, and exemplary damages of $1,000,000,000).

26.     A defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (U.S., 2014) (citing 28 U.S.C. § 1446). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001)). Moreover, the "substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 754.

---

[9] The instant Complaint also requests these same categories of damages, although the amounts are now unspecified. *See* Compl. at ¶¶ 23, 24, 25.

9

27. This Plaintiff has now reiterated on several occasions, in complaints filed in multiple jurisdictions since 2016 and based on the same underlying facts raised here, that the amount in controversy in this action exceeds $75,000. If anything, his alleged damages have only increased since the 2016 Maine Action based on the allegations of his various and current Complaint. Judge Kathryn Mizelle, analyzing these same facts when 21st Century removed the 2020 Hillsborough Action to the Middle District of Florida, found that 21st Century had met its burden in establishing that the amount in controversy exceeded the jurisdictional threshold for removal purposes. *See Day v. Geico General Insurance Company, 2022 WL 2277505* ("[a]s ridiculous as that allegation might be, the Court has no difficulty in concluding that the allegations from both this particular case and Day's previous iterations of the same claims for compensatory damages satisfy the amount in controversy requirement").

28. Much like the Maine Action, the 2020 Hillsborough Action, and the Florida Federal Action, Plaintiff continues to request unspecified "damages," damages due to "great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping, and his social life [being] destroyed, as well as "exemplary damages" in the instant action. Compl. at ¶¶ 23, 24, 25. The only difference is that Plaintiff has now avoided specifying the amount of these damages, in an attempt to avoid removal of the action as has occurred in the past.

29. Since Plaintiff has previously placed a dollar amount of these alleged damages, and since those amounts more than satisfy the amount in controversy requirement, GEICO has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements for removal of the instant action. *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has

jurisdiction." (*quoting Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)); *see also Day v. Geico General Insurance Company*, 2022 WL 2277505 (relying on allegations from prior complaints to determine amount in controversy requirement had been met); *Rowe v. U.S. Bancorp*, 569 Fed.Appx. 701, 703 (11th Cir. Ct. App., 2014) (same).

29. Plaintiff further requests the payment of attorney fees, providing further support that the amount in controversy requirement in this action is met for removal purposes. *See* 28 U.S.C. § 1332(a); Compl. at WHEREFORE Clause.

30. It is therefore clear that the amount in controversy, taking Plaintiff's own current allegations and prior allegations based on the same alleged facts into account, exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### III. PROCEDURAL STATEMENT

1. Process and Pleadings. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as Exhibit 1.

2. Removal is Timely. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). The State Court Action was served on GEICO General on August 4, 2022. This Notice of Removal is therefore timely filed.

3. Removal to Proper Court. This Court is the "district court for the United States for the district and division within which" the State Court Action is pending. 28 U.S.C. § 1446(a). This Notice of Removal has therefore been filed in the proper court.

4.  <u>Notice to State Court.</u>  A copy of GEICO's Notice of Removal is being filed with the Clerk of the Court of the Circuit Court of Hillsborough County, Florida, and written notice is being served on Plaintiff as required by 28 U.S.C. § 1446(d).

5.  By removing this action, GEICO General does not waive any defenses available to it.

6.  By removing this action, GEICO General does not admit any of the allegations in Plaintiff's Complaint.

7.  By removing this action, GEICO General reserves all defenses and objections to Plaintiff's Complaint.

WHEREFORE, GEICO General removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: September 2, 2022.

*/s/ Kristen L. Wenger*
John P. Marino (FBN 814539)
Kristen L. Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300
jmarino@sgrlaw.com
kwenger@sgrlaw.com

*Attorneys for GEICO General*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022 the foregoing document was served by electronic mail and United States Mail to the following:

Roy A. Day
P.O. Box 33
Tarpon Springs, FL 34688
royaday@hotmail.com

*Pro se Plaintiff*

<u>*/s/ Kristen L. Wenger*</u>
   Attorney